IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NATIONAL VETERANS AFFAIRS COUNCIL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL SERVICE IMPASSES PANEL, *et al.*, )<br>)<br>Defendants. ) | Case No. 1:20-cv-837-CJN |

**MOTION TO INTERVENE AS DEFENDANT BY
<u>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS</u>**

The United States Department of Veterans Affairs ("VA") moves to intervene under Federal Rule of Civil Procedure 24 as a defendant in this action, which arises from a collective bargaining impasse between Plaintiff National Veterans Affairs Council and the VA.  Counsel for the VA has consulted with counsel for Plaintiff and Defendants Federal Service Impasses Panel (the "Panel"), Panel Chairman Mark Anthony Carter, and Federal Labor Relations Authority (the "Authority") (together, "Defendants"), and the parties do not oppose the VA's intervention.

As background and good cause for this motion, the VA states as follows:

1. Plaintiff brought this action against Defendants on March 27, 2020, after the Panel asserted jurisdiction over a collective bargaining negotiation impasse between Plaintiff and the VA. Compl., ECF No. 3.  In three separate counts, Plaintiff alleges that the Panel lacks authority to resolve the parties' impasse because (1) Panel members are principal officers whose appointment by the President without Senate confirmation violates the Appointments Clause of the United States Constitution, (2) Panel members are do not possess requisite statutory requirements to occupy their

position, and (3) Panel members' allegedly biased adjudication runs afoul of the Fifth Amendment Due Process Clause. *See id.* at 15–18. Plaintiff seeks an injunction against the Panel from exercising jurisdiction over the parties' impasse, among other forms of injunctive relief. *Id.* at 18.

2. This action is one of four actions in the United States District Court for the District of Columbia in which federal-employee unions are bringing Appointments Clause challenges against the Panel. *See AFGE v. FSIP et al.*, No. 1:19-cv-01934-RJL; *NLRPBA v. FSIP et al.*, 1:20-cv-888-ABJ; *AALJ v. FSIP et al.*, No. 1:20-cv-1026-ABJ. In the first-filed case, the agency that is a party to the underlying negotiation impasse was granted intervention as a defendant. December 5, 2019 Minute Order, *AFGE*, No. 1:19-cv-1934-RJL (granting the Department of Housing and Urban Development's motion to intervene as a defendant). In the second-filed case, the agency was named as a defendant. Compl., ECF No. 1, *NLRBPA*, No. 1:20-cv-888-ABJ (naming the National Labor Relations Board as a defendant). And in the last-filed case, the agency's pending motion to intervene is unopposed. Unopposed Motion by the Social Security Administration to Intervene as Defendant, ECF No. 18, *AALJ*, No. 1:20-cv-1026-ABJ.

3. Like the federal agencies in each of the above cases, the VA has an interest in this action because it is a party to the underlying collective bargaining negotiation dispute over which the Panel has asserted jurisdiction. The VA has invested substantial resources in the collective bargaining negotiations underlying this case, and a ruling that the Panel lacks jurisdiction to resolve the parties' impasse would impede the parties' ability to effectively and efficiently reach a finalized collective bargaining agreement consistent with the goals of the Federal Service Labor-Management Relations Statute, 5 U.S.C. §§ 7101-7135 (2018).

4. Additionally, however this Court resolves the legal issues in this case, the case may have broad significance for the operations of the VA and the United States government beyond the particular dispute that gave rise to this action. A potential ruling in Plaintiff's favor may engender

further litigation over the force of prior negotiated agreements and place unknown obligations on the VA with respect to its employees and their exclusive representatives.

5. The parties do not oppose the VA's intervention.

For these reasons, the VA has a substantial interest in the subject of this case that supports its intervention under Federal Rule of Civil Procedure 24.

Dated: May 4, 2020

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

CHRISTOPHER R. HALL
Assistant Branch Director

*/s/ Kyla M. Snow*
KYLA M. SNOW (Ohio Bar No. 96662)
Trial Attorney
U.S. Department of Justice, Civil Division
Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Phone: (202) 514-3259
Fax: (202) 616-8460
*Counsel for the Department of Veterans Affairs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2020, a copy of the foregoing Motion by United States Department of Veterans Affairs to Intervene as Defendant was filed electronically via the Court's ECF system, which effects service upon counsel of record.

*/s/ Kyla M. Snow*
KYLA M. SNOW (Ohio Bar No. 96662)
Trial Attorney
U.S. Department of Justice, Civil Division
Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
kyla.snow@usdoj.gov
Phone: (202) 514-3259
Fax: (202) 616-8460
*Counsel for Department of Veterans Affairs*
