IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NATIONAL VETERANS AFFAIRS COUNCIL, ) ) ) ) Plaintiff, ) ) v. ) ) FEDERAL SERVICE IMPASSES PANEL, *et al.*, ) ) ) Defendants. ) ) ) ) | Case No. 1:20-cv-837-CJN |

## NOTICE OF SUPPLEMENTAL AUTHORITY

1. At the Telephonic Motion Hearing held in this matter on June 24, 2020, the Court asked if the Federal Labor Relations Authority ("Authority") could commit that, if the National Veterans Affairs Council ("Union") were to proceed through the unfair labor practice ("ULP") process in order to raise its Appointments Clause challenge to the Federal Service Impasses Panel ("Panel"), the greatest sanction that the Union would face would be a cease-and-desist order. (Transcript of 6/24/20 Hearing at 36).

2. Although the Authority cannot offer a binding stipulation as to what specific remedy would result from a ULP proceeding, the Authority can represent that since 2000 it has operated under guidance issued by its then-General Counsel that broadly limits any Authority-imposed ULP remedies to non-punitive remedies. That guidance is detailed below in paragraphs 3-5.

3. By way of background, if the Authority's General Counsel determines that a ULP charge has merit, the General Counsel issues a complaint with a recommended remedy. An Administrative Law Judge ("ALJ") then holds a hearing on the matter, and if he determines that a

party committed a ULP, he then determines whether the General Counsel's recommended remedy is appropriate. Either party could then file with the Authority exceptions to the ALJ's ruling.

4. A May 5, 2000 memorandum from then-General Counsel Joe Swerdzewski to Office of General Counsel Regional Directors entitled "Guidance on Seeking Remedies for Unfair Labor Practices Under the Federal Service Labor-Management Relations Statute" ("Remedies Guidance") (attached as Exhibit A), which remains in effect today, guides the General Counsel on the types of remedies which may be sought. The Remedies Guidance states, on page 4: "All remedies . . . must:

    a. be consistent with external law;

    b. be reasonably necessary to effectively recreate the conditions and relationships with which the unfair labor practice interfered;

    c. effectuate the policies of the Statute, including the deterrence of future violative conduct; and

    d. [be] not punitive."

5. As the Remedies Guidance explains, "[t]he Authority has distinguished in its decisions between traditional remedies and nontraditional remedies." Remedies Guidance at 9. A "cease-and-desist order accompanied by the posting of a notice" is the typical traditional remedy. *Id.* The Remedies Guidance makes clear that traditional remedies are "routinely presume[d]" to be "effective to remedy the violation." *Id.* at 9-10. Non-traditional remedies include such things as naming specific agency or union officials in a notice, or reading a notice aloud to employees. *Id.* at 19-20. Requesting a non-traditional remedy requires "specific evidence" both "that the traditional remedy is not adequate, and that the evidence dictates that a nontraditional remedy is necessary." *Id.* at 10.

6. The Remedies Guidance also makes clear that a party that refused to implement Panel-imposed collective bargaining terms would most likely face:

    a. A cease-and-desist order;

  b. A remedial posting;

  c. A direction for the respondent to implement the collective bargaining agreement; and

  d. A direction to give retroactive effect to the Panel-imposed terms.

Remedies Guidance at Attachment 1-15-16.

  7. The October 31, 2017 ALJ decision in *Department of Defense, Domestic Dependent Elementary and Secondary Schools, Fort Buchanan, P.R.* (OALJ 18-04, Case No. BN-CA-17-0170) (attached as Exhibit B) provides an illustration. In that case, the ALJ found that the employing agency had committed a ULP by refusing to comply with a Panel decision. (Exhibit B at 16-17, 24-25). The remedies the ALJ imposed were a cease-and-desist order, posting and distributing a notice to bargaining-unit employees, and a directive that the employing agency fully comply with the Panel's decision. *Id.* at 33-34.[1] The ALJ stated:

> When the Authority finds that a party has committed an unfair labor practice by failing to implement a decision and order of the Panel, the Authority orders the violating party to cease and desist from failing to comply with the decision and order, orders the party to implement the provisions as ordered by the Panel, and orders the party to post notices to employees. *Id.* at 32.

June 29, 2020            Respectfully submitted,

                  /s/Noah Peters
                  NOAH PETERS (#1023748)
                  Solicitor
                  REBECCA J. OSBORNE
                  Deputy Solicitor
                  SARAH C. BLACKADAR
                  Attorney
                  Federal Labor Relations Authority
                  1400 K Street, NW
                  Washington, DC 20424
                  (202) 218-7908

---

[1] The Authority reversed the ALJ's decision on grounds having nothing to do with the remedy the ALJ ordered. *See Dep't of Defense, Domestic Dependent Elementary & Secondary Sch. Fort Buchanan, P.R.*, 71 FLRA 127 (2019).

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of June 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I also certify that the foregoing document is being served on counsel of record and that service will be accomplished by the CM/ECF system.

    /s/ Noah Peters
    NOAH PETERS (#1023748)
    Solicitor
    Federal Labor Relations Authority
    1400 K Street, NW
    Washington, DC  20424
    Telephone: (202) 218-7908
    Email: npeters@flra.gov