IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL VETERANS AFFAIRS COUNCIL,<br><br>      *Plaintiff,*<br><br>      v.<br><br>FEDERAL SERVICE IMPASSES PANEL; MARK ANTHONY CARTER, In his official capacity as Chairman of the Federal Service Impasses Panel; and FEDERAL LABOR RELATIONS AUTHORITY,<br><br>      *Defendants,*<br><br>and<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>      *Intervenor-Defendant*. | Case No. 20-cv-837-CJN |

**PLAINTIFF NATIONAL VETERANS AFFAIRS COUNCIL'S
RESPONSE TO DEFENDANTS' STATUS REPORT.**

      Generally, when a party faces evidence that undermines its legal argument, that party must come to grips with the evidence by explaining why it does not support the opponent's position or by offering counterevidence that assertedly outweighs the damning evidence. The Government has now discovered a third way: attempt to change the evidence.

      In our reply/response brief, we pointed to several instances where the Federal Labor Relations Authority ("FLRA") indicated that the Federal Service Impasses Panel ("Panel") is an independent entity on the same level as the Authority and the Authority's General Counsel—annual reports, reports to Congress, and an organizational chart on the website of the FLRA. *See* Dkt. 20, Plaintiff National Veterans Affairs Council's Reply to Defendant's Opposition to Motion

1

for Summary Judgment and Cross-Motion for Summary Judgment, at 8-9.  Counsel for NVAC mentioned the organizational chart during the hearing held on June 5, 2020.  The Government had an opportunity in its reply brief and at the hearing to assert that the chart was not accurate, but made no effort to do so.  Instead, five days after the hearing, the Authority deleted the chart from its website and replaced it with a new one which (conveniently) lists the Panel as subordinate to the Authority.

This court should not reward the Government's cynical action by taking this new, self-serving evidence into account.  At best, all this new evidence means is that the Authority (through its website) has offered inconsistent explanations as to the status of the Panel.  That itself is reason to reject the Government's eleventh-hour substitution.

Of course, the Authority's organization chart is hardly the most important evidence in this case.  The parties have sparred over the lack of supervision, the fact that Panel decisions are not subject to direct review, and whether the President may delegate responsibility to remove principal officers.  And the organizational chart itself is not as significant as the Authority's own decisions repeatedly referring to the Panel as an "independent" entity within the Authority.  *See* Dkt. 20, at 5.  But since the Government apparently felt that the evidence was significant enough to change its website and to notify the Court of the new chart, we file this response to urge this Court to disregard it.

Dated: June 30, 2020

Respectfully submitted,

/s/ *Matthew M. Collette*
Matthew M. Collette /DC Bar No. 427617
Kathryn Robinette /DC Bar. No. 001659218
MASSEY & GAIL LLP
1000 Maine Ave. SW, Suite 450
Washington, DC 20024
Phone: (202) 652-4511
Fax: (312) 379-0467
mcollette@masseygail.com
krobinette@masseygail.com

*Attorneys for Plaintiff National Veterans Affairs Council*

3

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 30, 2020, a copy of the foregoing was filed electronically via this court's ECF system, which effects service upon counsel of record.

                                               /s/ *Matthew M. Collette*
                                               Matthew M. Collette
                                               Counsel for Plaintiff

Case 1:20-cv-00837-CJN   Document 27   Filed 06/30/20   Page 4 of 4